### BATES et al. v. MULLINS et al.

Court of Appeals of Kentucky.

April 17, 1951.

Rehearing Denied Oct. 5, 1951.

Napier & Napier, C. W. Napier, and C. W. Napier, Jr., all of Hazard, for appellants.

John Chris Cornett, Clark Pratt, Hindman, for appellee.

CAMMACK, Chief Justice.

This is a suit between the children of Harrison and Elizabeth Hall, now deceased, and their descendants, appellees, and Martha Bates, another daughter of the Halls, and her husband, appellants. The sole issue is the construction of the following portion of a deed from Harrison Hall and his wife to Martha Bates, dated December 7, 1929: " * * * also the grantor excepts from this deed all coal and oil and gas and mineral substance and the right of way to take it out, and the foregoing land has been leased for oil and gas, and the grantors reserve the rentals thereon and in the event of the development the royalty during their lifetime and at their death the same is to belong to the grantee herein, also the grantor reserve all timber thereon and in the event they need timber they reserve the wright to sell it, and the right of way to take it out during their lifetime and at their death the same is to belong to the grantee herein, * * *."

The chancellor held that Harrison Hall at his death was the owner of and in the possession of all the coal and minerals except oil and gas in, on, and underlying the tract conveyed to Mrs. Bates, and that their heirs are joint owners of such coal and minerals. The appellants urge that the clause of the deed quoted above is ambiguous and should be construed most strongly in favor of the grantee and against the grantor.

The proof shows that Mr. Hall at one time owned about 800 acres of land. He conveyed parcels of land to his other children about the same time he conveyed

the tract in question to Mrs. Bates. The tract conveyed to Mrs. Bates was the only one underlaid with coal. The chancellor in support of his finding stated that it was probably the intention of the grantor to make an equal division among his children and he concluded that the exception or reservation was not ambiguous and adequately expressed the intent of the grantor.

■ We agree with the chancellor that the provision in question is, though one requiring careful reading, not ambiguous. The grantor, after excepting "all coal and oil and gas and mineral substance," recited that the land has been leased for oil and gas. He then reserved a life estate in the rentals and royalties on the oil and gas lease, the remainder to pass to the grantee. Likewise he reserved a similar life estate in the timber, with remainder to the grantee.

The appellants cite Clements v. Morgan, 307 Ky. 496, 211 S.W.2d 164, 166, to support their position. In that case we were confronted with a situation where a grantor conveyed land to one of his children, with the provision "And the coal and mineral privilege is hereby reserved having heretofore been sold." Previously the grantor had conveyed "All the coal and mining rights and privileges." It was held that the grantor had excepted or reserved only the coal mining rights and privileges theretofore sold and that the word "minerals" in the second conveyance did not include oil and gas in the reservation under the circumstances. In the Clements Case a latent ambiguity existed because of a reference to rights previously sold, the technical description of which did not coincide with the rights actually conveyed. No such ambiguity exists in the case at bar.

■ The appellants have suggested that the appellees are barred by laches. Laches is not merely delay, but delay that works a disadvantage to another. Simmerman v. Fort Hartford Coal Co., 310 Ky. 572, 221 S.W.2d 442, 11 A.L.R.2d 381. The appellants have failed to point out any disadvantage resulting from the delay.

The judgment is affirmed.